UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NOBEL SUPPLIES GROUP LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMITY HOLDINGS, LLC,<br><br>Defendant. | Civil Action No.  18-CV-391<br><br>COMPLAINT FOR DECLARATORY JUDGMENT<br><br>ECF CASE |

## NATURE OF ACTION

1. This is an action under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, for a judgment declaring that Nobel's use of the trademark SLIGHT TOUCH and packaging for its SLIGHT TOUCH products has not infringed Amity's purported rights in the trademark LITETOUCH and any of its purported trade dress rights, as set forth herein.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121 for claims arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim in this Complaint occurred in this district.

## THE PARTIES

4. Plaintiff Nobel is a corporation organized and existing under the laws of the State of New York, with a place of business located at 266 47th Street, Brooklyn, New York 11220.

1

5. Nobel sells, advertises, markets, and promotes medical supplies to the public, including online on Amazon.com, under the two-word trademark SLIGHT TOUCH.

6. Defendant Amity is a corporation organized and existing under the laws of the State of Tennessee, with its principal place of business at 2832 Logan Street, Suite B, Nashville, TN 37211.

7. Amity primarily sells its products online on Amazon.com under the one-word trademark LITETOUCH.

8. Upon information and belief, Amity regularly does business in the State of New York, including within the Eastern District of New York.

## FACTUAL BACKGROUND

9. Since at least as early as March 30, 2015, Nobel has been using the trademark SLIGHT TOUCH on lancets. Nobel filed an application to register SLIGHT TOUCH with the United States Patent and Trademark Office ("USPTO") on April 1, 2015.

10. On August 30, 2016, Nobel's application was blocked because of an existing registration of the mark SLITouch, which was also used on lancets. This registration belonged to Biotest Medical Corporation ("Biotest"), a company that sold its products on Amazon.com in direct competition with Nobel.

11. On April 10, 2017, Nobel filed a Complaint in the Eastern District of New York against Biotest, Civil Action No. 17-cv-2158 (BMC), seeking a declaration of non-infringement, as it does now in this case, and for other relief.

12. During that litigation, Nobel succeeded in establishing that consumers were not likely to be confused about the respective sources of the products bearing the SLIGHT TOUCH

and SLITouch trademarks. Accordingly, a Consent Judgment dated June 19, 2017 entered in the case stated that Nobel's use of SLIGHT TOUCH did not infringe any trademark rights of Biotest.

13. In particular, the Consent Judgment at Paragraph 4 stated, "Nobel's use in United States commerce of the trademark SLIGHT TOUCH in connection with the marketing or sale of lancets, other diabetic supplies and/or medical supplies, does not constitute, and has never constituted, an infringement of any of Biotest's trademark rights under 15 U.S.C. § 1114 and/or 15 U.S.C. § 1125(a)."

14. After the Consent Judgment was executed and certified by the Court, the USPTO published the application for the SLIGHT TOUCH mark for opposition.

15. On November 15, 2017 – two days before the close of the opposition period – Amity opposed Nobel's application at the USPTO Trademark Trial and Appeal Board ("TTAB"), claiming that the marks SLIGHT TOUCH and LITETOUCH are confusingly similar. But just as with Biotest, the owner of the SLITouch mark, Amity's real purpose in opposing Nobel's application is to prevent Nobel from competing with Amity on Amazon.com, where both parties sell lancets under their respective trademarks.

16. Amity's claim has even less merit than that of Biotest, for if there is no likelihood of confusion between SLIGHT TOUCH and SLITouch, there is also no likelihood of confusion between SLIGHT TOUCH and LITETOUCH.

17. In fact, in the time both Amity and Nobel have been selling their products on Amazon side by side, not a single instance of consumer confusion between SLIGHT TOUCH- and LITETOUCH-branded products has been brought to Nobel's attention.

18. This is because consumers of lancets are finely attuned to the differences in trademarks used on them since a large number of those marks incorporate the word "TOUCH."

19. Indeed, official records at the USPTO show 11 such registered marks currently in use, including the marks ONE TOUCH®, CARE TOUCH®, EASY TOUCH®, and COMFORTOUCH®. All of these marks coexist in the marketplace and on the Trademark Office Principle Register. A screenshot of the USPTO record is provided below.



20. The registered mark ONE TOUCH® for lancets is owned by Johnson & Johnson Corporation. This mark was registered on October 8, 2002 and was first used in United States commerce in 1998.

21. The registered mark COMFORTOUCH® for lancets is owned by Owen Mumford Limited. This mark was registered on July 15, 1997, and was first used in United States commerce in 1995.

22. The registered mark EASY TOUCH® for lancets is owned by Home Aide Diagnostic, Inc. This mark was registered on September 15, 2009 and was first used in United States commerce in 2006.

23. The registered mark CARE TOUCH® for lancets and other products is owned by Future Diagnostics, LLC. This mark was registered on January 31, 2017 and was first used in United States commerce in 2016

24. Amity has not taken any adverse action against any of the other owners of the above-cited marks.

25. Indeed, some of these marks have been in the marketplace long before Amity began using LITETOUCH. That, Amity is now taking action against Nobel and not others represents bad-faith harassment intended to eliminate competition in online sales of lancets.

26. Amity initially asserted its trademark and trade dress rights in a letter over nine months ago, back in April 2017, yet did nothing until recently when it learned that Nobel's trademark application was going to proceed to registration.

27. In particular, on April 17, 2017, Amity sent a letter (hereinafter "Cease and Desist Letter") to Nobel's counsel asserting its trademark rights in the mark LITETOUCH and trade dress rights in the packaging for lancets carrying the LITETOUCH mark. A copy of the Cease and Desist Letter is attached hereto is **Exhibit A**.

5

28. In the Cease and Desist Letter, Amity asserts that it has "long-standing prior use of LITETOUCH" which "entitles it to protection against subsequent users of confusingly similar trademarks or false or misleading designations of origin. 15 U.S.C. §1125."

29. Amity further asserts that it has "good reason to believe that Nobel's SLIGHT TOUCH is confusingly similar to [Amity's] LITETOUCH trademark."

30. At the conclusion of the Cease and Desist Letter, Amity demanded that Nobel (1) withdraw and abandon its trademark application for SLIGHT TOUCH, (2) cease and desist further use of the SLIGHT TOUCH trademark and (3) modify the trademark and all packaging and presentation to avoid any confusing similarity to the LITETOUCH trademark.

31. Based on the contents of its letter to Nobel, Amity objects to Nobel's advertisements and use of its chosen trademark used to sell lancets.

32. Based on the contents of its Cease and Desist Letter to Nobel, Amity also objects to Nobel's advertising and use of its chosen packaging and trade dress used to sell lancets.

33. The respective packages currently in use are shown below:



| AMITY'S LITETOUCH PACKAGING | NOBEL'S SLIGHT TOUCH PACKAGING |
|---|---|

34. As shown above, the parties respective packages and trade dress being advertised, marketed, promoted, offered for sale and sold to consumers are not at all similar.

35. Contrary to the contentions of Amity and its counsel, Nobel's actions in connection with its advertising, marketing, promotion, offer for sale and sale of products do not infringe upon Amity's trademark rights.

36. Contrary to the contentions of Amity and its counsel, Nobel's actions in connection with its advertising, marketing, promotion, offer for sale and sale of products do not infringe upon Amity's trade dress rights.

37. By virtue of the foregoing, Nobel is compelled to seek a declaration from this Court that it does not infringe Amity's trademark and/or trade dress rights and/or that Amity's asserted rights are invalid and/or unenforceable.

## COUNT I
### Declaration of Non-Infringement of Amity's LITE TOUCH Trademark and Amity's Trade Dress under the Lanham Act

38. Nobel repeats and realleges the allegations set forth above in paragraphs 1 through 37 as though fully set forth herein.

39. An actual controversy has arisen and now exists between Nobel and Amity concerning whether Nobel has infringed and is infringing the LITETOUCH mark.

40. An actual controversy has arisen and now exists between Nobel and Amity concerning whether Nobel has infringed and is infringing the trade dress rights of Amity in its packaging design.

41. Amity filed an opposition to Nobel's trademark application in the SLIGHT TOUCH mark despite knowing that its claim of infringement has no merit.

42. Consumers of lancets are not confused and are not likely to be confused about the respective sources of products sold under Amity's purported LITETOUCH mark and Nobel's SLIGHT TOUCH mark.

43. The scope of Amity's purported LITETOUCH mark is considerably more narrow in scope than it asserts.

44. Likewise, consumers of lancets are not confused about the respective sources of products sold by the parties respective packaging designs.

45. Therefore, Nobel has not infringed on Amity's trademark rights or trade dress rights through the advertising, marketing, promotion, offer for sale or sale of lancets and/or other products.

46. By virtue of the foregoing, Nobel desire a judicial determination of the parties' rights and duties with respect to the trademark and trade dress rights asserted by Amity.

47. A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights as determined by the Court.

**WHEREFORE**, Nobel prays for a judgment against Amity as follows:

A. Judgment declaring that Amity's trademark rights and trade dress rights are not infringed by Nobel's advertisements, marketing, promotions, offers for sale and sales of products bearing the SLIGHT TOUCH trademark and/or trade dress;

B. Judgment enjoining Amity from any opposition and/or other actions that interfere with Nobel's application for registration of the SLIGHT TOUCH trademark at the USPTO;

C. Award of costs, expenses and reasonable attorney's fees to Nobel as permitted by law; and

D.       Award of such other and further relief to Nobel as the as the Court may deem just and proper.

                                **STERN & SCHURIN LLP**

                              By: /s/ Steven Stern
                              Steven Stern (SS 5203)
                                sstern@sternschurin.com
                              Richard S. Schurin (RS 0199)
                                rschurin@sternschurin.com
                              *Attorneys for Plaintiff*
                              *Nobel Supplies Group LLC*
                              595 Stewart Avenue
                              Suite 710
                              Garden City, New York 11530
                              Telephone: (516) 248-0300
                              Facsimile: (516) 283-0277

Dated: January 19, 2018
       Garden City, New York